UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDIE SHELTON,

        Plaintiff,

                              Case No. 05-CV-71902

vs.                               HON. GEORGE CARAM STEEH

OAK PARK SCHOOL DISTRICT,
et al.,

        Defendants.

_____/

OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR
RECONSIDERATION (DOCUMENT # 27)

Defendants request reconsideration in part of the court's June 15, 2006 opinion and order granting defendants' motion for summary judgment. In that order, the court dismissed plaintiff's Title VII and retaliation claims, for the reason that plaintiff failed to file a timely charge with the EEOC. The court, however, specified that the claims were dismissed "with prejudice, solely as to the exhaustion issue." It is this aspect of the ruling to which defendants object, as defendants are concerned that the ruling may allow plaintiff a "second bite at the apple" via the pursuit of state claims in state court.

Defendants contend, again, that "a dismissal for failing to file a condition precedent is a decision on the merits if the aggrieved party is permanently foreclosed from fulfilling the condition," citing Mitchell v. Chapman, 343 F.3d 811, 821 (6th Cir. 2003), and assert that the dismissal with prejudice should not have been limited to the exhaustion issue. Alternatively, defendants argue that the court "abused its discretion

by declining to address the merits of Plaintiff's Title VII and retaliation claims," asserting that plaintiff did not establish any viable claim for relief under Title VII, and thus that the dismissal should have been with prejudice on this basis.

The court notes that in the Mitchell case, the Sixth Circuit was reviewing a district court's determination concerning the preclusive effect of its previous ruling. This issue is not currently before the court. In the case *sub judice*, the defendants are, apparently, requesting that the court's dismissal with prejudice be stated generally, rather than for the reason that administrative preconditions were not satisfied. In the court's order granting summary judgment for defendants, the court cited to Lebron-Rios v. U.S. Marshal Service, 341 F.3d 7 (1st Cir. 2003), as an example of a case in which dismissal of Title VII claims was appropriately stated with prejudice specifically for failure to exhaust, as in this case, notwithstanding differences in the respective plaintiffs' abilities to satisfy such preconditions.

A motion for reconsideration is not granted if it presents only the same issues already ruled on by the court. E.D. Mich. LR 7.1(g)(3). The court's June 15, 2006 ruling resolved all claims pending before this court, dismissing the Title VII claims with prejudice, for the reason that plaintiff had not satisfied administrative conditions precedent. Defendants' motion for reconsideration has not presented new arguments to the court, and, further, the court is not convinced by defendants' assertion that its decision not to consider the merits (i.e. factual basis) of plaintiff's claim was an abuse of

discretion, in light of the procedural history.[1]  The preclusive effect of the court's ruling on claims not brought in this action, or lack thereof, is not at issue at this juncture.  That issue is thus left for the consideration of and determination by another tribunal, if indeed the issue should arise.

Defendants' motion is, accordingly, DENIED.


Dated:  July 26, 2006


S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 26, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---

[1] In fact, the court notes that the argument concerning the merits of plaintiff's Title VII claims was clearly set forth as an alternative: plaintiff's introduction to this alternative argument stated "[a]ssuming *arguendo*, that this Court is compelled to review the merits of Plaintiff's Title VII claim, there are no set of facts to support sexual harassment."  Defendants' brief in support of their motion for summary judgment, p. 16.